**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 2 2022

TAMMY H. DOWNS, CLERK

By:_____
DEP CLERK

**DON PLUMLEE, JAKIE HANAN, and**
**PETE EDWARDS, on behalf of**
**themselves and all others similarly situated**                      **PLAINTIFFS**

**v.**

4:22CV638-KGB

**STEEP HILL INC, STEEP HILL ARKANSAS,**
**BRENT WHITTINGTON**
**BRANDON THORNTON, BOLD TEAM LLC**
**NSMC-OPCO, LLC D/B/A NATURAL STATE MEDICINAL**
**OSAGE CREEK CULTIVATION, L.L.C. And JOHN DOES 1-10.**                **DEFENDANTS**

## CLASS ACTION COMPLAINT

Comes Plaintiffs, through counsel, and for this Complaint state:

This case assigned to District Judge _Baker_
and to Magistrate Judge _Kearney_

**I.**
**INTRODUCTION**

1.      Each Plaintiff files this suit to vindicate the federal laws prohibiting the cultivation

and sale of D9 marijuana and their rights under the Racketeer Influenced and Corrupt

Organizations Act ("RICO"). Each Plaintiff is in chronic pain who has been prescribed medical

marijuana by a physician.   Plaintiff seeks redress under RICO, which requires those who engage

in racketeering activity—including the commercial production of marijuana—to pay those they

injure treble damages, costs, and attorneys' fees. Each Plaintiff also seeks an injunction under

RICO directing the marijuana operations defrauding Plaintiff and the Class to stop violating the

federal drug laws.

2.      It is a bedrock principle of the United States Constitution that federal law is the

supreme law of the land. State laws that are flatly inconsistent with constitutionally authorized

federal law have no force or effect. On the issue of medical marijuana, federal law is clear: it is a

felony under the Controlled Substances Act of 1970 ("CSA") to deal in marijuana. Despite the

express federal prohibition on marijuana, Arkansas has enacted laws, ordinances, and regulations designed to promote the growth of a billion dollar commercial marijuana industry. Yet notwithstanding that medical marijuana is now "legal" in Arkansas, the drug's cultivation, sale, and possession remain serious federal offenses in Arkansas, just as they are everywhere else in the United States. Indeed, those associated with Arkansas's largest-scale marijuana producers' risk being sent to federal prison for the rest of their lives. The people of Arkansas are free to advocate for a change in this federal criminal prohibition, but they must do so through their elected representatives in Congress. Under our federal system, Congress alone can authorize revision of federal laws prohibiting the commercial trade in medical marijuana.

3.      Of course, in recent years the United States Department of Justice has largely declined to bring prosecutions under the federal marijuana laws, prompting hundreds of millions of investment dollars and thousands of new customers to flow into Arkansas's commercial marijuana industry. But the Justice Department's current policy of non-enforcement does not strike a single word from the U.S. Code or deprive private individuals of their judicially-enforceable rights under federal law. The Department of Justice can no more amend a federal statute than can the State of Arkansas, and marijuana remains just as illegal under federal law today as it was when Congress passed the Controlled Substances Act in 1970.

4.      Marijuana businesses who market their products as medicine should be held to reasonable production standards to ensure this "medicine" is effective. But Defendants have intentionally refused to implement reasonable production standards, instead preferring to do business with Steep Hill that regularly intentionally inflates the amount of THC in its customer's flower. The net effect is to defraud the Plaintiff and putative clause by over-representing the amount of THC in flower to the detriment of the Plaintiff and Class so that Steep Hill, the cultivators, and the dispensaries can make more money. Together, Plaintiff is filing this suit to

vindicate their federal rights under RICO, 18 U.S.C. §§ 1961 et seq., the CSA, 21 U.S.C. §§ 801 et seq., and the Supremacy Clause.

5.      Dealing in marijuana is racketeering activity under RICO, and those who engage in a pattern of racketeering activity through a corporation or other enterprise are liable for three times the economic harm they cause plus costs and attorneys' fees. Those who conspire with racketeers by agreeing to assist them are likewise liable. RICO also gives federal courts the power to order racketeering enterprises and their coconspirators to cease their unlawful operations. Accordingly, The Plaintiff and the Class ask this Court to award them the damages, costs, and fees to which they are entitled, and both Plaintiffs request that the Court order the RICO Defendants to cease their open and notorious violation of federal law.

## II.
## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiffs' RICO claims under 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331, as well as supplemental jurisdiction over the state claims under 28 USC 1367.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because each Plaintiff resides in this District and a substantial portion of the events giving rise to this suit occurred in Arkansas. Venue over Plaintiffs' RICO claims is also proper under 18 U.S.C. § 1965(a) because the RICO defendants reside in Arkansas and transact business in Arkansas.

## III.
## PARTIES

8.      Each Plaintiff is a resident and citizen of Arkansas who has purchased marijuana flower tested by Steep Hill and grown by Osage, NSM AND BOLD and other cultivators licensed by Arkansas.  Each Plaintiff is a holder of a medical marijuana card issued by the State of

Arkansas. Dr. Brandon Thornton is the Co-Owner & CEO of Steep Hill Arkansas, a cannabis science company with a focus on analytical testing. Brent Whittington is the Co-Owner of Steep Hill Arkansas, a cannabis science and technology company with alleged expertise in laboratory testing.

9.      Steep Hill Inc. (CSE: STPH) is the world's leading cannabis science and technology company focused on laboratory testing, quality assurance and data analytics. In 2008, Steep Hill opened the first commercial cannabis lab in the United States and has been on the cutting edge of cannabis testing since its inception. Steep Hill Inc. has a licensing agreement with Steep Hill Arkansas, which is operated by Whittington and Thornton. Steep Hill currently has operations throughout the United States and internationally.

10.      Plaintiff Pete Edwards, Don Plumlee and Jakie Hanan each is a resident of the State of Arkansas who has purchased marijuana from dispensaries, who had purchased marijuana from the cultivators named herein whose product was fraudulently certified by Steep Hill. Plaintiffs bought marijuana tested by Steep Hill and relied upon Steep Hill's certification to his detriment. Each Plaintiff seeks to represent a Class defined as any person who holds a medical marijuana card issued in the State of Arkansas in the four years preceding the filing of this lawsuit.

11.      The Class is defined as any person who has held, or will hold, a medical marijuana card issued in the State of Arkansas in the four years preceding the filing of this lawsuit to the date of certification.

12.      Rule 23 of the Federal Rules of Civil Procedure sets forth the prerequisites for a class action: (1) a proposed class must be so numerous that joinder of all members is impracticable ("numerosity"); (2) there must be a question of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class ("typicality"); and (4) the representative parties must fairly and adequately protect the

interests of the class ("adequacy"). *See* FED.R.CIV.P. 23(a). Each of these requirements have been met, and a Class is superior to any other means.

13.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are believed to be in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class Members prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by the individual litigation of such cases. Further, the prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.

14.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

15.    Defendants have facilitated the sale of illegal marijuana to thousands of people over the course of the last 4 years. Therefore, the members of the Class are believed to be so numerous that joinder of all members is impracticable. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. The Class is also objectively defined and presently ascertainable by reference to records in the possession of Defendant or third parties, and their identification is a matter of ministerial determination from, inter alia, Defendant's receipts and/or sales logs. Thus, the Class has sufficient numerosity to be certified.

16.    Each Class Member has the same interest in buying accurately labeled products

such that Plaintiff's claims, as well as the applicable defenses, and their claims are typical of the Class, and there are common questions of law. There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: (a) Whether Defendants are operating a criminal enterprise; (b) Whether the products are accurately labeled and certified; (c) Whether Defendant's conduct was knowing and willful; and (d) Whether Defendant is liable for damages and the amount of such damages. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

17.     A Class action is superior to all other forms of action because of the nature of the requested relief.  Also, Plaintiffs and the Class seek a permanent injunction requiring the Defendants to comply with federal law and disgorge the monies they have received. So, Plaintiff seeks certification under Rule 23(b)(1) and (2).

18.     Defendant NSMC-OPCO, LLC D/B/A NATURAL STATE MEDICINAL(NSM), is an Arkansas company that has its principal place of business in Arkansas, where it operates a medical marijuana cultivation facility.

19.     Defendant Bold Team LLC (Bold) is an Arkansas company that has its principal place of business in Arkansas, where it operates a medical marijuana cultivation facility.

20.     Defendant OSAGE CREEK CULTIVATION, L.L.C. (collectively Osage) are Arkansas persons that have their principal place of business in Arkansas, where it operates a medical marijuana cultivation facility.

21.     Defendants John Doe 1-5 are the law firms, accountants and financial entities who have assisted Defendants in operating the criminal enterprise alleged herein and will continue to do so in the absence of injunctive relief.

22.     Defendants 5-10 are the financial institutions who have assisted Steep Hill and the Osage, NSM AND BOLD  in operating  the criminal enterprise alleged herein..

23.     The Named Defendants and John Doe Defendants are hereinafter referred to as the "RICO Defendants."

## IV. FACTUAL ALLEGATIONS

### Federal Law Prohibits the Production and Distribution of D9 Marijuana

24.     Congress passed the CSA in 1970 as Title II of the Comprehensive Drug Abuse Prevention and Control Act. 84 Stat. 1236. Among the purposes of the CSA was to reduce drug abuse and the illegitimate traffic in controlled substances in the United States by prohibiting the unauthorized production, distribution, or possession of controlled substances.

25.     When it passed the CSA, Congress found that "[t]he illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people," 21 U.S.C. § 801(2), and that "[a] major portion of the traffic in controlled substances flows through interstate and foreign commerce," *id.* § 801(3). The CSA seeks to address the social and economic ills caused by drug abuse and drug trafficking by prohibiting the illicit drug trade.

26.     The CSA categorizes drugs according to a series of schedules, with the most dangerous drugs falling under Schedule I. *See id.* § 812(b). Schedule I drugs have "a high potential for abuse." *Id.* § 812(b)(1). In enacting the CSA, Congress classified marijuana as a Schedule I drug. *Id.* § 812(c). Congress thus deemed marijuana to have a high potential for abuse. *Id.* § 812(b)(1). By classifying marijuana as a Schedule I drug, as opposed to listing it on a lesser schedule, Congress made the manufacture, distribution, or possession of marijuana a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration

preapproved research study. *Id.* §§ 823(f), 841(a)(1), 844(a).

27.    The large-scale manufacture and distribution of marijuana is a serious felony under the CSA. A first-time offender convicted of producing or distributing 1,000 or more marijuana plants is subject to a sentence of 10 years to life imprisonment. *Id.* § 841(b)(1)(A). Growing 100 or more marijuana plants subjects the first-time offender to a sentence of 5 to 40 years imprisonment. *Id.* § 841(b)(1)(B). The cultivation and sale of smaller amounts of marijuana is punishable by maximum sentences that can be as long as 20 years. *See id.* § 841(b)(1)(C), (D). The CSA also criminalizes the possession of marijuana. Unless otherwise authorized by federal law, possession of marijuana by a first-time offender is punishable by up to 1 year of imprisonment. *Id.* § 844(a).

28.    In addition to its prohibitions on cultivation, sale, and possession of marijuana, the CSA also forbids a wide range of other activities connected with the operations of a marijuana business. Thus, it is a crime to possess "any equipment, chemical, product, or material" with the intention of using it to manufacture marijuana, *id.* § 843(a)(6), or to distribute any such material with the knowledge that it will be used to manufacture marijuana, *id.* § 843(a)(7). The CSA bars the use a telephone, email, mail, or any other "communication facility" in furtherance of the manufacture or sale of marijuana, *id.* § 843(b), and it is a federal crime to use the Internet to advertise the sale of marijuana, *id.* § 843(c)(2)(A). Reinvesting the proceeds from marijuana operations is also a crime, *id.* § 854(a), as is knowingly facilitating a financial transaction involving funds derived from manufacturing and selling marijuana, 18 U.S.C. §§ 1956, 1957, 1960. It is also a crime to knowingly lease, rent, maintain, manage, or control a place where marijuana is manufactured or sold. 21 U.S.C. § 856. Leading a group of five or more people who commit a continuing series of federal marijuana crimes is an especially serious offense. *Id.* § 848. And attempting or conspiring to commit most of those crimes is also a criminal offense. *See id.*

§ 846; 18 U.S.C. §§ 1956(a)(1), 1956(h), 1957(a). Each Defendant has engaged in one or more these crimes in the past and will continue to do so in the future.

29.     These criminal prohibitions on virtually every aspect of the marijuana business make the federal policy embodied in the CSA unmistakably clear: marijuana is a dangerous drug that is banned throughout the United States. And because RICO defines most violations of the CSA as "racketeering activity," *see* 18 U.S.C. § 1961(1)(D), any business engaged in the commercial cultivation and sale of medical marijuana is a criminal enterprise for purposes of federal law. Those who conduct or conspire to assist such enterprises are subject to the severe criminal sanctions and civil liability that RICO imposes. *See id.* § 1962(c), (d).

30.     Despite the strict federal prohibitions on virtually every aspect of the commercial marijuana business, Arkansas has erected a marijuana regulatory regime that purports to authorize and seeks to regulate, tax, and promote those federal crimes.

### The RICO Defendants Operate Licensed Racketeering Enterprises that Cultivate and Distribute Medical Marijuana

31.     Plaintiffs and the Class purchased marijuana cultivated by Osage, NSM AND BOLD and certified by Steep Hill as having a certain percentage of THC to address his chronic pain, as his physician suggested.

32.     Plaintiffs noticed that some marijuana was more potent than others, despite being labeled as having similar amounts of THC.

33.     So, Plaintiffs had some marijuana tested. The tests revealed that the cultivator Defendants routinely sell marijuana that has been falsely labeled to the Plaintiff and the Class by overstating the amount of THC by an average of 25%.

34.     Plaintiff's lab has tested not only samples from the cultivator Defendants but samples as well from other cultivators. Steep Hill routinely overstates the amount of THC in its

flower.

35.     The Cultivator Defendants sell marijuana with different types and amounts of THC. More THC in a marijuana sample equates to a higher price and more profit for the Defendants. In essence, the Plaintiff and the Class are paying for a higher grade of marijuana but are in fact receiving a lower grade of marijuana which has created millions of dollars of fraudulent profit. This is a damage to Plaintiff and the Class's property.

36.     Steep Hill knew it was inflating the THC amounts and refused to report instances where the cultivator's samples failed the test, as Arkansas law requires.

37.     Steep Hill also allows testing samples to be selected by employees who are employed by the Cultivator. This is a conflict of interest.  This conflict of interest has allowed Defendants to create false test results because the samples are not representative of the product actually sold.

38.     So, Steep Hill, in conspiracy with Steep Hill, the cultivators and John Doe Defendants have misrepresented the amount of THC in the marijuana Plaintiff brought.

39.     To facilitate this fraud, Defendants publish the false test results over the internet hundreds of time and such activity is wire fraud.

40.     Defendants intended that Plaintiff and the Class rely on these test results, and Plaintiff and the Class reasonably relied on these test results to their detriment.

41.     Steep Hill overstated the amount and type of THC contained in the marijuana by approximately 25% on the average. Inflation reached as high as 52% for one sample.

42.     Arkansas law requires that the marijuana sold in the State of Arkansas be tested, so all understood and agreed that the cultivators would grow medical marijuana in Arkansas to be

sold by dispensaries around the State. Leasing or maintaining property for the cultivation of marijuana is a crime under 21 U.S.C. § 856 and is racketeering activity under 18 U.S.C. § 1961(1)(D).

43. Defendants, together with their respective law firms and bankers, also conspired and agreed to work together so that the Cultivator Defendants could cultivate marijuana and to contribute to the ongoing violations of the CSA inherent in those operations. Entering into such an agreement is conspiracy under 21 U.S.C.§ 846 and is racketeering activity under 18 U.S.C. § 1961(1)(D).

44. Defendants used the telephone, email, or other communication facilities to take steps in furtherance of their efforts to unlawfully sell marijuana that had been mislabeled hundreds of times. Such uses of communication facilities violate 21 U.S.C. § 843(b) and are racketeering activity under 18 U.S.C. § 1961(1)(D).

45. One or more Defendants advertises marijuana for sale and their services over the Internet in violation of 21 U.S.C. § 843(c)(2)(A), and this is racketeering activity under 18 U.S.C.§ 1961(1)(D). Steep Hill fraudulently claims on its page:

Steep Hill Arkansas is proud to serve the patients of the Natural State by providing rigorous quality-standard testing of contaminants to ensure pure and safe medical cannabis. Co-owned by two Arkansans who share a strong belief in cannabis as a medicine with many benefits, we are pleased to bring the industry's leading cannabis science company to Arkansas.

46. The RICO Defendants together formed an open ended association-in-fact enterprise for the purpose of cultivating marijuana in Arkansas and selling it to dispensaries in Arkansas for purchase by the Plaintiff. To that end, they pooled their resources, knowledge, skills, and labor to achieve through the enterprise efficiencies in the cultivation and distribution of marijuana that none of them could have achieved individually.

47.     All of the RICO defendants have contractual and other relationships with each other and are collaborating together to contribute to the association-in-fact enterprise's efforts to cultivate medical marijuana in Arkansas and thereby engage in an ongoing pattern of racketeering activity.

48.     All of the RICO defendants agreed to participate in and assist the enterprise with full knowledge of its overall aim of growing and selling marijuana. As set forth above, that goal could only be accomplished through numerous violations of the CSA. Each such violation of the CSA is racketeering activity, and all of the RICO defendants thus knew and intended that in agreeing to assist the enterprise they would help it carry out a pattern of racketeering activity.

## CLAIMS FOR RELIEF
## RICO COUNTS
## COUNT I VIOLATION OF 18 U.S.C. § 1962(C)

49.     Plaintiff incorporates by reference the allegations of the preceding paragraphs.

50.     RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Defendants  each violated this provision of 18 U.S.C. § 1962.

51.     All of the RICO Defendants formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) by establishing contractual and other relationships with each other, collaborating to develop medical marijuana cultivation to sell that marijuana. This enterprise enables the RICO Defendants to more efficiently achieve their collective purpose.

52.     Funding, goods, and services procured by the enterprise have moved in interstate commerce and the enterprise plans to sell marijuana in interstate commerce.

53.     Defendants have each conducted or participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity.  They collectively entered into an agreement under which Osage, NSM AND BOLD will be used to commit numerous crimes under the CSA, and that agreement violates 21 U.S.C. § 856. They also conspired, in violation of 21 U.S.C. § 846, to work together with the rest of the enterprise for the success of NSM's open-ended illegal medical marijuana business. On information and belief, they used communication facilities to sell the marijuana and their drug conspiracy in violation of 21 U.S.C. § 843(b). Defendants already possess materials, goods, and facilities for the manufacture of marijuana in violation of 21 U.S.C. § 843(a)(6). All of those crimes are racketeering activity under 18 U.S.C. § 1961(1)(D).

54.     The racketeering activities of Defendants directly and proximately injured the Plaintiff and the Class' property by selling them "Regular" marijuana for a much higher "Premium" price, which approximates $10.00 per 1/8 ounce.

## COUNT II
### Violation of 18 U.S.C. § 1962(d)
### Against All RICO Defendants

55.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

56.     RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

57.     The RICO Defendants, for their mutual and individual profit, agreed and conspired to violate 18 U.S.C. § 1962(c) by forming an association-in-fact enterprise for the purpose of cultivating medical marijuana in Arkansas and selling it at dispensaries in Arkansas. The RICO Defendants knew that this was patently unlawful under the CSA.  This scheme could only be accomplished through a pattern of racketeering activity, for maintaining a premises at

which marijuana is cultivated and sold, cultivating and selling marijuana, and possessing the

goods and materials needed to cultivate and process marijuana are all crimes under the CSA.

*See, e.g.*, 21 U.S.C. §§ 841(a), 843(a)(6), 856.

58.    Funding, goods, and services procured by Defendants in furtherance of their

association-in-fact enterprise for the purpose of cultivating and selling medical marijuana

have moved in interstate commerce, and the enterprise plans to sell marijuana grown in

Arkansas that affects interstate commerce.

59.    The RICO Defendants have engaged in racketeering activity in furtherance of

their conspiracy to violate 18 U.S.C. § 1962(c). All of the RICO Defendants violated 21 U.S.C.

§ 846 by agreeing and conspiring to assist in the establishment of the cultivator's  marijuana

grow or in the operations of cultivator's medical marijuana business. Defendants and their

agents entered into an agreement to operate a medical marijuana cultivation in violation of 21

U.S.C. § 856.

60.    Racketeering activities undertaken in furtherance of the RICO Defendants'

conspiracy to violate 18 U.S.C. § 1962(c) have injured the Plaintiff and the Class' property.

61.    The racketeering activities of Defendants directly and proximately injured the

Plaintiff and the Class' property by selling them "Regular" marijuana for a much higher

"Premium" price.  Samples were inflated on average by 25%.  Defendants inflated THC

values for commercial gain and to mislead Plaintiff and the Class, who could not know what

was truly in the product.

### COUNT III
### Violation of 18 U.S.C. § 1962(c)

52.    Plaintiffs incorporate the foregoing as if fully set out herein.

53.    RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

54.    An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). Osage, Steep Hill, NSM AND BOLD is an Arkansas limited liability corporation. Thus, it is a RICO "enterprise."

55.    Funding, goods, and services procured by Defendants' unlawful activities have moved in interstate commerce, and the cultivator Defendants sell marijuana in the interstate market for illegal drugs.

56.    The racketeering activities of Defendants directly and proximately injured the Plaintiff and the Class' property by selling them "Regular" marijuana for a much higher "Premium" price.

### COUNT IV Violation of 18 U.S.C. § 1962(d)

57.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

58.    RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Defendants agreed and conspired to violate 18 U.S.C. § 1962(c).

59.    An "enterprise" for purposes of RICO "includes any . . . partnership, corporation,

association, or other legal entity." 18 U.S.C. § 1961(4). Osage, NSM AND BOLD is an

Arkansas limited liability corporation. It is a RICO "enterprise."

60.    Funding, goods, and services procured by Defendants in furtherance of

NSM's unlawful activities have moved in interstate commerce, and  Osage, NSM AND

BOLD sells marijuana in the interstate market for illegal drugs.

61.    Defendants understood that their collective efforts to establish and operate the

medical marijuana operations in Arkansas could only be accomplished through a pattern of

racketeering activity, as assisted . Specifically, all understood and agreed that Osage, NSM

AND BOLD would violate the CSA by cultivating medical marijuana and selling it, 21 U.S.C. §

841(a), possessing the equipment and materials necessary for marijuana cultivation, *id.* §

843(a)(6) and  maintaining the premises in Arkansas for cultivating and selling medical

marijuana, *id.* §§ 849, 856. Each of those crimes is racketeering activity, and together they form

an ongoing pattern.

62.    Racketeering activities undertaken in furtherance of the conspiracy among

Defendants to violate 18 U.S.C. § 1962(c) have injured the Plaintiff and the Class ' property.

Specifically, the overstatement of THC directly and proximately injured the Plaintiff and the

Class' property by defrauding them and interfering with their use and enjoyment of their

property.

## COUNT V Violation of 18 U.S.C. § 1962(c)

63.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

64.    RICO creates a private right of action for "[a]ny person injured in his business or

property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C.

§ 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged

in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

65.     An "enterprise" for purposes of RICO "includes any . . . partnership, corporation, association, or other legal entity." 18 U.S.C. § 1961(4). Osage, Steep Hill, NSM AND BOLD Team LLC, is an Arkansas corporation. It is a RICO "enterprise."

66.     Osage, NSM AND BOLD constructed a building that grows medical marijuana for sale into the interstate market for illegal drugs, and materials for the building have been acquired in interstate commerce.

67.     Each Defendant has conducted or participated in the conduct of the affairs of Osage, NSM AND BOLD through a pattern of racketeering activity. On information and belief, Defendants have used the telephone, email, or other communication facilities in furtherance of his other violations of the CSA, thus violating 21 U.S.C. § 843(b). Those crimes are racketeering activity under 18 U.S.C. § 1961(1)(D) and together form a pattern.

68.     The racketeering activities of Defendants directly and proximately injured the Plaintiff and the Class' property by overstating the percentage of THC in the marijuana which led to an inflated market value.

69.     RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). Under 18 U.S.C. § 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Defendants agreed and conspired to violate 18 U.S.C. § 1962(c).

70.     An "enterprise" for purposes of RICO "includes any . . . partnership, corporation,

association, or other legal entity." 18 U.S.C. § 1961(4). NSM AND BOLD is an Arkansas company. It is a RICO "enterprise."

71.     Osage, NSM AND BOLD grows medical marijuana for sale into the Arkansas market for drugs illegal under federal law, and materials necessary to grow marijuana have been acquired in interstate commerce.

72.     Defendants have engaged in a pattern of racketeering activity in connection with NSM. In violation of 21 U.S.C. § 856, NSM AND BOLD constructed a property for use as a medical marijuana cultivation facility. On information and belief, Defendants have used the telephone, email, or other communication facilities in furtherance of their drug conspiracy, thus violating 21 U.S.C. § 843(b). Those crimes are racketeering activity under 18 U.S.C. § 1961(1)(D) and together form a pattern.

73.     The racketeering activities of Osage, NSM AND BOLD and John Doe 1-10 directly and proximately injured the Plaintiff and the Class' property by a baiting and switch scheme  such that Defendants should disgorge their profits into a common fund.

## COUNT V FRAUD

74.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.  No Class claims are brought.

75.     Each Plaintiff individually sues Defendants for fraud and violation of the Arkansas Deceptive Trade Practices Act.  Each Defendant aided and abetted the fraud perpetrated on the Plaintiff, such that each Plaintiff is entitled to judgment against one or more Defendants.

76.     Each Defendant defrauded one or more Plaintiff by selling one or more Plaintiff a product that contained less than  D9 THC by weight as advertised

77.  Plaintiffs reasonably relied upon Defendants' intentional misrepresentation to his detriment.

78.  The misrepresentations of Defendants and John Doe 1-10 directly and proximately injured each Plaintiff's property such that each Plaintiff should receive damages for his purchase price.

79.  Defendants have been so reckless so as to justify the imposition of punitive damages.

## JURY DEMAND

80.  Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an order and judgment:

a.  Certifying the Class described above

b.  Awarding the Plaintiff and the Class three times the damages or disgorgement to their property that was caused by the RICO Defendants' racketeering activities;

c.  Enjoining the RICO Defendants from continuing to engage in racketeering activities to enforce strong federal policy that seeks to reduce the cultivation and distribution of medical marijuana through a complete prohibition on those activities.

d.  Awarding Plaintiffs their reasonable costs, and attorneys' fees, incurred in bringing this litigation;

e.  Award Plaintiffs compensatory and punitive damages in amount to be determined by a jury;

f.  Granting such other and further relief as this Court deems just and proper.

Luther Oneal Sutter
Ark. Bar No. 95031
SUTTER & GILLHAM, P.L.L.C.
P.O. Box 2012
Benton, AR 72018
501/315-1910 – OFFICE
501/315-1916 – FACSIMILE
Attorney for the Plaintiff
luthersutter.law@gmail.com

By: ___/s/ Luther Oneal Sutter_____
Luther Oneal Sutter, ABN 95031
*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

**DON PLUMLEE, JAKIE HANAN, and
PETE EDWARDS, on behalf of**          *4:22CV638-KGB*
**themselves and all others similarly situated**          **PLAINTIFFS**

v.

**STEEP HILL INC, STEEP HILL ARKANSAS,
BRENT WHITTINGTON, BRANDON THORNTON, BOLD TEAM LLC
NSMC-OPCO, LLC D/B/A NATURAL STATE MEDICINAL
OSAGE CREEK CULTIVATION, L.L.C. And JOHN DOES 1-10.          DEFENDANTS**

### JOHN DOE AFFIDAVIT OF PLAINTIFF'S COUNSEL

Comes now, Luther Sutter, **SUTTER & GILLHAM, P.L.L.C.,** as counsel for the Plaintiff; and, for this

Affidavit, being competent to testify, states that the statements below are true and accurate:

1. I am a licensed attorney in good standing in the State of Arkansas and am the Partner and owner of

   **SUTTER & GILLHAM, P.L.L.C.,** who are the attorneys of record for the Plaintiff in the attached

   Complaint.

2. Plaintiff has made reasonable effort to obtain the identities of &/or names of the individuals who are

   likely to be additional Defendants in the above-captioned case.

3. The identities of <u>*ALL*</u> individuals &/or entities are unknown at this time. Plaintiff hereby designates

   John Does 1-10, for the purpose of tolling the statute of limitations pursuant to A.C.A. § 16-56-125.

4. The pseudo-names will continue to be named &/or submitted with their actual names upon further

   discovery, if applicable.

**FURTHER AFFIANT SAITH NAUGHT**.

*/s/ Luther Oneal Sutter*

Luther Sutter, ARBN 95031

## **VERIFCIATION**

I, Luther Sutter, do hereby certify and state, under oath, that the above facts contained herein are true and correct to the best of my knowledge and belief.

/s/ Luther Oneal Sutter

Luther Sutter, ABRN 95031

## **ACKNOWLEDGMENT**

State of Arkansas

County of Sallen     ) SS.

Subscribed and sworn before me, a Notary Public, this ___ th day of July, 2022.

ELIZABETH ANN HODGES
Notary Public-Arkansas
Lonoke County
My Commission Expires 09-14-2031
Commission # 12716016

My Commission Expires;

Notary Public