**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DON PLUMLEE, JAKIE HANAN, and
PETE EDWARDS, on behalf of themselves
and all others similarly situated**                                   **PLAINTIFFS**

     **v.**                                   **NO. 4:22-CV-638-KGB**

**STEEP HILL, INC.; STEEP HILL ARKANSAS;
BRENT WHITTINGTON; BRANDON THORNTON;
BOLD TEAM, LLC; NSMC-OPCO, LLC D/B/A
NATURAL STATE MEDICINAL; OSAGE CREEK
CULTIVATION, LLC; and JOHN DOES 1–10**                                   **DEFENDANTS**

---

**SEPARATE DEFENDANT NSMC-OPCO, LLC'S
MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

---

Comes now Separate Defendant NSMC-OPCO, LLC, by and through its attorneys, Barber Law Firm PLLC, and for its Motion to Dismiss Plaintiffs' Class Action Complaint, states:

1.      Plaintiffs Don Plumlee, Jakie Hanan, and Pete Edwards (collectively, "Plaintiffs") assert six (6) causes of action against Defendant NSMC-OPCO, LLC ("NSMC").  More particularly, Plaintiffs assert five (5) claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and one (1) state-law based claim alleging fraud and violations of the Arkansas Deceptive Trade Practices Act ("ADTPA").

2.      The Court should dismiss each of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6).

3.      First, Plaintiffs have not (and cannot) pled facts that would satisfy even the most basic requirements of the RICO statute in that they have not alleged any cognizable property damage, nor have they alleged that any such damage was caused by NSMC.  For that reason, Plaintiffs lack standing to assert RICO claims.

4.      Second, even if the Plaintiffs could plead such facts (which they cannot), Plaintiffs' RICO claims are barred by the doctrine of *in pari delicto*.  Plaintiffs' own allegations confirm they purchased, possessed, consumed, transported, and facilitated the testing of marijuana in violation of the Controlled Substances Act and, as a result, are either complicit in any alleged RICO violation or, at the very least, have committed exactly the same offenses Plaintiffs allege serve as the foundation of this lawsuit.

5.      Third, Plaintiffs' claims should be dismissed because, in order to fashion the remedy Plaintiffs seek, which includes, among other things, a request for disgorgement of marijuana profits to be placed into a "common fund" (*Complaint*, at ¶ 73), this Court would necessarily be required to order the transfer of federally-illegal proceeds earned from a federally-illegal marijuana operation to individuals who admittedly purchased, possessed, transported, and facilitated the testing of federally-illegal marijuana based on alleged damages tied to the marijuana they purchased.  Such a remedy would unquestionably contravene public policy and the underlying purpose of RICO.

6.      Finally, the state-law claims should be dismissed because the Complaint fails to satisfy the heightened pleading requirements of the Federal Rules of Civil Procedure.

7.      NSMC incorporates by reference its Brief in Support of its Motion to Dismiss Plaintiffs' Class Action Complaint herein as if set forth word-for-word.

WHEREFORE, Defendant NSMC-OPCO, LLC respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' Class Action Complaint and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
3400 Simmons Tower
425 West Capitol Avenue
Little Rock, Arkansas 72201
Telephone: (501) 372-6175

By:    J. Cotten Cunningham, Ark. Bar No. 97238
ccunningham@barberlawfirm.com
Jerry D. Garner, Ark. Bar No. 2014134
jgarner@barberlawfirm.com
Robbin S. Rahman, Ark. Bar No. 2017268
rrahman@barberlawfirm.com

*Attorneys for Defendant NSMC-OPCO, LLC*