## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | | |
|---|---|---|
| DON PLUMLEE, JAKIE HANAN, and | ) | |
| PETE EDWARDS, on behalf of | ) | |
| themselves and all others similarly situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-CV-00638-KGB |
| | ) | |
| STEEP HILL INC., STEEP HILL ARKANSAS, | ) | |
| BRENT WHITTINGTON, BRANDON THORNTON, | ) | |
| BOLD TEAM LLC, NSMC-OPCO, LLC D/B/A | ) | |
| NATURAL STATE MEDICINAL, OSAGE CREEK | ) | |
| CULTIVATION, LLC, and JOHN DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

### BRIEF IN SUPPORT OF BOLD TEAM, LLC'S MOTION TO DISMISS

Separate Defendant, Bold Team, LLC ("Bold"), respectfully submits this Brief in Support

of its Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.      Bold Adopts by Reference the Motion to Dismiss and Brief in Support Filed by NSMC-OPCO, LLC, Pursuant to Rule 10(c), Fed. Rules Civ. Pro.**

Plaintiffs' Class Action Complaint ("Complaint") lists six counts. (ECF No. 1). The first

five counts purport to assert private rights of action predicated upon the Racketeer Influenced and

Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and the sixth count alleges a state law

claim of fraud with reference to the Arkansas Deceptive Trade Practices Act. In its Motion to

Dismiss (ECF No. 7) and Brief in Support (ECF No. 8), NSMC-OPCO, LLC ("NSMC"),

accurately states the legal standard to be applied by the Court in the motion-to-dismiss stage and

correctly argues that all six counts should be dismissed. As stated in Bold's Motion to Dismiss,

Bold incorporates and adopts by reference all arguments made by NSMC, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.  The Complaint should be dismissed for the reasons stated in NSMC's filings.

II.   **In Addition to the Arguments Raised by NSMC in Its Motion to Dismiss, Counts I Through V of Plaintiffs' Class Action Complaint Should Be Dismissed for Lack of Standing, as Plaintiffs Failed to Allege That the Cultivators Caused Their Alleged Injury.**

In addition to the arguments advanced by NSMC, counts I through V of the Complaint should be dismissed for lack of standing, as the Complaint does not allege that the cultivators' actions were the proximate cause of the Plaintiffs' purported injury, which is required for a private right of action under RICO.  The theory of Plaintiffs' case is that they suffered injury to their property because they paid a higher price for medical marijuana due to their belief that it had a higher percentage of THC than it actually had.  *Complaint*, at ¶ 35.  Plaintiffs allege that the "racketeering activities of Defendants directly and proximately injured the Plaintiff and the Class' property by selling them 'Regular' marijuana for a much higher 'Premium' price, which approximates $10.00 per 1/8 ounce."  *Complaint*, at ¶ 54.  However, Bold and the other cultivators did not sell any marijuana to the Plaintiffs.  The Plaintiffs and all members of the putative class purchased medical marijuana from dispensaries, as required under Amendment 98 to the Arkansas Constitution.

This is a fundamental flaw in Plaintiffs' theory and in its Complaint — Plaintiffs did not purchase medical marijuana from Bold or the other cultivators, as Amendment 98 authorizes only licensed dispensaries to sell medical marijuana to patients, such as Plaintiffs.  Cultivation facilities, like Bold, are restricted by the Arkansas Constitution to selling medical marijuana only to a dispensary, other cultivation facility, or processor.  Ark. Const. Amendment 98, §13(a).  Further, the price charged by dispensaries for medical marijuana is determined entirely by the dispensaries,

2

and the Complaint fails to allege that the Defendants had any control over the price dispensaries charged to Plaintiffs for the purchase of medical marijuana.  The absence of a causal link between the alleged RICO violation and the alleged injury is fatal to Plaintiffs' RICO claims and warrants dismissal.

RICO provides a civil cause of action for "[a]ny person injured in his business or property by reason of" the racketeering activities proscribed by the statute.  18 U.S.C. § 1964(c).  "To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation."  *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012) (quoting *Asa-Brandt, Inc. v. ADM Inv. Servs., Inc.*, 344 F.3d 738, 752 (8th Cir. 2003)).  To satisfy the statute's second prong, a plaintiff's injury must be caused "by conduct which constitutes racketeering activity, that is, RICO predicate acts, and not by other conduct of the defendant." *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 952 (8th Cir. 1999). For example, "[A]n employee discharged for criticizing or refusing to participate in the employer's racketeering activity lacks standing to bring a civil suit" under RICO, because his injuries are not caused by the RICO violation itself, but by the employer's retaliation.  *Bowman v. W. Auto Supply Co.*, 985 F.2d 383, 385 (8th Cir. 1993).  See also *Grice v. Leflore*, Nos. 21-1547, 21-1638, 2022 U.S. App. LEXIS 19402 (8th Cir. July 14, 2022) (Plaintiff lacked standing to bring a claim under RICO's civil provision where plaintiff did not plead that his injury was caused by the defendants' alleged RICO violation.)  Thus, a plaintiff bringing a civil suit under RICO must prove that the alleged injury was caused by the alleged RICO violation.  Here, the Complaint fails to make that link and, therefore, fails as a matter of law.

As aptly argued by NSMC, Plaintiffs cannot show that they sustained an injury to their business or property, which is the first prong to establish RICO standing.  However, assuming,

3

*arguendo*, that Plaintiffs can satisfy the first prong to establish RICO standing, they cannot demonstrate that such injury was caused by a RICO violation.  When accepting the allegations in the Complaint as true, which the Court must at this juncture, Plaintiffs' alleged injury, the overpayment for medical marijuana, was caused by the dispensaries' decision to charge patients more for medical marijuana with a higher THC content on its label.  Bold had no control over the dispensaries' pricing, and the Complaint fails to allege that Bold or the cultivators control the prices dispensaries charge to their customers.  Therefore, the required nexus between the alleged injury and the alleged RICO violation is absent.  As such, Plaintiffs do not have standing to bring the RICO claims alleged in counts I through V of the Complaint, and those counts should be dismissed. Count VI of the Complaint should be dismissed for the reasons stated in NSMC's Motion to Dismiss, leaving no claims remaining.  Thus, dismissal of the entire Complaint should be granted.

Respectfully submitted,

BOLD TEAM, LLC

By:   Kenneth P. "Casey" Castleberry
        Arkansas Bar Number 2003109
        CASTLEBERRY LAW FIRM, PLLC
        Post Office Box 7572
        Little Rock, Arkansas 72217
        (501) 804-8111
        casey@castleberrylawfirm.com

4