**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| DON PLUMLEE, JAKIE HANAN, and | ) | |
| PETE EDWARDS, on behalf of | ) | |
| themselves and all others similarly situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-CV-00638-KGB |
| | ) | |
| STEEP HILL INC., STEEP HILL ARKANSAS, | ) | |
| BRENT WHITTINGTON, | ) | |
| BRANDON THORNTON, | ) | |
| BOLD TEAM LLC, NSMC-OPCO, LLC D/B/A | ) | |
| NATURAL STATE MEDICINAL, | ) | |
| OSAGE CREEK | ) | |
| CULTIVATION, LLC, and JOHN DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANT STEEP HILL INC.'S**
**MOTION TO DISMISS**

---

Defendant, Steep Hill Inc., by its attorney, M. Darren O'Quinn, for its motion, states:

1.      Despite being registered as a Schedule I controlled substance by the federal government, marijuana has been legalized for recreational purposes in nineteen and for medical use in thirty-eight states – Arkansas being one of them. Specifically, in 2016 the citizens of Arkansas passed The Arkansas Marijuana

1

Amendment, *Ark. Const. amend. 98* ("Amendment 98") for certain patients with qualifying conditions.

2.     Plaintiffs' class action complaint ("complaint") lists six counts essentially claiming the defendants have engaged in a criminal enterprise and fraud in assisting the implementation of Amendment 98. (*Doc 1*). Indeed, the first five counts of the complaint purport to assert private rights of action predicated upon the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *18 U.S.C. § 1962*, and the sixth count alleges a state law claim of fraud with reference to the Arkansas Deceptive Trade Practices Act ("ADTPA"), *Ark. Code Ann. § 4-88-107*.

3.     The complaint, however, is as spare as its theory is irrational. For the most part, plaintiffs lump the defendants together into undifferentiated groups while declining to allege a single relevant fact about any one defendant individually. That sort of group-based pleading has been rejected time and again by this Court and others. In sum, *Fed. R. Civ. P. 8* "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' group-based allegations fall well short.

4.     Beyond the conclusory nature of plaintiffs' allegations, the complaint's legal theories are manifestly deficient. The main thrust of plaintiffs' complaint is that defendants violated RICO (a law that requires a cognizable injury to business or property; an alleged RICO activity that caused the injury; a RICO enterprise; and lack of immunity under the Controlled Substances Act, which plaintiffs rely on as a RICO predicate act).

5.     Plaintiffs separately invoke the ADTPA. That statute, however, is narrowly tailored to address (1) private class actions, which are barred unless asserted for a violation of *Ark. Const. amend. 89*, (2) "consumers" with respect to any defendant and contains a (3) safe-harbor provision that bars the plaintiffs' claim.

6.     Putting aside the shortfalls in plaintiffs' legal theories, the claims against defendant Steep Hill, Inc. also fail for the simple reason that the complaint contains no allegations describing any of the alleged actions that Steep Hill, Inc., a party that does not operate in Arkansas, did to participate in the alleged RICO conspiracy or fraud.

7.     Steep Hill, Inc. ("Steep Hill"), a Canadian company publicly traded on the Canadian Securities Exchange (CSE: STPH), is "a leading cannabis science and technology company focused on laboratory testing, quality assurance, and data analytics." *Complaint ¶ 9; Steep Hill Corporate Disclosure Statement, Doc 30*. Steep Hill is headquartered in Toronto, Ontario, Canada. *Id.*  Steep Hill does not (nor does the complaint allege) have any ownership interest in Overlook Partners LLC, d/b/a Steep Hill Arkansas ("Steep Hill Arkansas"). *See Complaint at ¶¶ 9, 45; Steep Hill Arkansas Corporate Disclosure Statement, Doc 20.*

8.     Steep Hill does not have an office or mailing address in Arkansas, nor does Steep Hill employ any employees or independent contractors in the state. Nor does the complaint allege that Steep Hill does any of these things. Steep Hill likewise does not operate any laboratories or businesses in Arkansas. As alleged by plaintiffs,

the laboratory at issue in the complaint is operated by defendant Steep Hill Arkansas, owned, and operated by defendants Whittington and Thornton. *Complaint at ¶ 9.*

9.      Steep Hill does not perform any cannabis testing in Arkansas, nor does the complaint allege that it does, and it certainly did not perform <u>any</u> of the testing allegedly inflating the amount of THC in the cannabis purchased and tested by plaintiffs. *See Complaint at ¶¶ 4, 9.* Nor does Steep Hill, the publicly traded Canadian company, certify anything about cannabis cultivated in Arkansas, let alone the percentage of THC in cannabis purchased by plaintiffs. *Complaint at ¶ 31.*

10.     There are no allegations in the complaint that any Steep Hill employee, officer, director, or agent of Steep Hill has met, did business with, or even communicated with any of the Osage, NSM, and BOLD named cultivator defendants in this action. The only allegations in the complaint even addressing Steep Hill, the public Canadian company, are paragraphs 9 and 45.

11.     To put it concisely, the complaint simply does not allege a legal theory that is cognizable as a matter to law and the factual tale it alleges is implausible.

12.     As a consequence, Steep Hill files this *Fed. R. Civ. P 12 (b) (6)* motion. Such a motion tests whether the pleaders accomplished what they were obligated to do under Rules 8 and 9). *See Int'l Entergy Ventures Mgmt., L.L.C. v. United Entergy Grp., Ltd.,* 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12 (b) (6) supplies "the one and only method for testing" whether pleading standards set by Rules 8 and 9 have been met) and *Hefferman v. Bass*, 467 F.3d 596, 599-600 (5th Cir. 2006) (Rule 12 (b) (6) "does not stand alone," but implicates Rules 8 and 9). A claim will fail this inspection if it

asserts a legal theory that is not *cognizable as a matter to law* or if the *factual tale it alleges is ruled implausible. See Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (emphasis added).

13.     Specifically, federal pleaders must demonstrate that their allegations "possess enough heft" to *show* an *entitlement to relief* (and, thus, are sufficient to allow the costly process of litigation to continue). *See Twombly*, 550 U.S. 544 at 557. *See also Rios-Campbell v. U.S. Dep't of Commerce,* 927 F.3d 21, 24 (1st Cir. 2019) ("screening mechanism designed to weed out cases that do not warrant either discovery or trial") and *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 604 (7th Cir. 2009) (allowing pure conclusory pleadings "would sanction a fishing expedition costing both parties, and the court, valuable time and resources.") (emphasis added). Pleaders must allege enough facts to raise their claims beyond the level of speculation, by "nudg[ing] their claims across the line from conceivable to plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Twombly*, 550 U.S. 544 at 555, 570; and *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Ashcroft*).

14.     A successful pleader, therefore, is expected to do more than merely incant labels, conclusions, and the formulaic elements of a cause of action. *Ashcroft,* 556 U.S. at 678; *Twombly*, 550 U.S. 544 at 555; and Zutz, 601 F.3d 842 at 848 (quoting *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-630 (8th Cir. 2010)).

15. Here, and as argued by the other defendants, plaintiffs' labels, conclusions, and the formulaic elements of a cause of action simply do not pass the threshold requirements of Rules 8 and 9, as enforced by Rule 12(b)(6) and interpreted by the above cases.

16. As demonstrated and more explained in Steep Hill's brief filed contemporaneously herewith, and incorporated herein pursuant to *Fed. R. Civ. P 10 (c)*, plaintiffs complaint should be dismissed because:

   a. Plaintiffs have failed to state a claim under either federal or state law, and thus their complaint should be dismissed pursuant to *Fed. R. Civ. P. 12 (b) (6)*. Specifically, plaintiffs' claims fail because *first*, they are barred by the doctrine of *in pari delicto*; *second*, plaintiffs' RICO claims fail to plead a cognizable injury to business or property; *third*, plaintiffs fail to demonstrate that the alleged RICO activity caused the injury; *fourth*, plaintiffs fail to demonstrate a RICO enterprise; *fifth*, Steep Hill Inc. is immune from the provisions of the Controlled Substances Act, which plaintiffs rely on as a RICO predicate act; *sixth*, Steep Hill Inc. did not engage in a consumer-oriented practice as the ADTPA requires; *seventh*, Steep Hill Inc.'s conduct falls within the ADTPA's safe-harbor provision; *eighth*, plaintiffs' ADTPA claim fails because they do not seek "actual financial loss"; *ninth*, plaintiffs do not demonstrate reliance or causation that is required by the ADTPA; *tenth*, plaintiffs' fraud claim fails, because Steep Hill Inc. did not make any representations to plaintiffs, nor could

plaintiffs have justifiably relied on any representations; and *eleventh*, plaintiffs fail to plead their claims with the particularity required by *Fed. R. Civ. P. 9 (b);*

b. Counts I through V of the complaint should be dismissed for lack of standing, as the complaint does not allege that Steep Hill Inc.'s actions were the proximate cause of the plaintiffs' purported injury, which is required for a private right of action under RICO. The theory of plaintiffs' case is that they suffered injury to their property because they paid a higher price for medical marijuana due to their belief that it had a higher percentage of THC than it actually had. *Complaint* at ¶ *35.* Plaintiffs allege that the "racketeering activities of defendants directly and proximately injured the plaintiffs and the class' property by selling them 'Regular' marijuana for a much higher 'Premium' price, which approximates $10.00 per 1/8 ounce." *Complaint at ¶ 54.* Steep Hill Inc., however, did not sell <u>any</u> marijuana to the plaintiffs. The plaintiffs and all members of the putative class presumably purchased medical marijuana from legally licensed dispensaries, as required under Amendment 98 – and this is a <u>fundamental flaw</u> in plaintiffs' theory and in their complaint, because it is undisputed plaintiffs <u>did not</u> purchase medical marijuana from Steep Hill Inc.

c. The ADTPA prohibits "[k]nowingly making a false representation as to the characteristics, ingredients, … or certification of goods or services or as to

whether goods or services are original or new or of a particular standard, quality, grade, style, or model." *Ark. Code Ann. § 4-88-107 (a) (1).* Although primarily a regulatory tool for the Arkansas Attorney General to protect Arkansas consumers generally against predatory business practices, *Wallis v. Ford Motor Co., 362 Ark. 317, 208 S.W.3d 153, 161 (2005),* the ADTPA includes a narrow, private right of action available to consumers who suffer an actual financial loss as a result of a deceptive trade practice. *Ark. Code Ann. § 4-88-113 (f) (1) (A).* In this case, however, plaintiffs only make conclusory, non-specific allegations that the defendants "defrauded one or more Plaintiff by selling one or more Plaintiff a product that contained less than D9 THC by weight as advertised." (*Doc 1; Complaint at ¶ 76*). Plaintiffs' ADTPA claim fails, therefore, as a matter of law for three reasons: (1) the ADTPA bars private class actions unless asserted for a violation of *Ark. Const. amend. 89*; (2) plaintiffs do not constitute "consumers" under the ADTPA with respect to any defendant; and (3) the ADTPA's safe-harbor provision bars the plaintiffs' claim.

d. A "RICO claim must be pleaded with particularity under Rule 9(b)." *Crest Const. II*, 660 F.3d at 353. Here, plaintiffs woefully fail to meet this standard. For example, when attempting to plead violations of the CSA and predicate acts, plaintiffs identify about a dozen federal statutes, and then state, "Each Defendant has engaged in one or more [of] these crimes in the past and will continue to do so in the future." (*Doc 1, Complaint, ¶*

*28*). This conclusory and group pleaded allegation, which permeates the complaint, fails to identify the necessary details of who violated which statute, when they did it, and how they did it. It is simply improper and insufficient. *See OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Rsch.*, 851 F.3d 800, 804 (8th Cir. 2017) ("Required facts include the who, what, when, where and how surrounding the alleged fraud ... and what was obtained as a result.") (internal quotations omitted); *Trooien v. Mansour*, 608 F.3d 1020, 1030 (8th Cir. 2010) ("It is not sufficient to attribute alleged false statements to "defendants" generally."); *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997) (finding pleading insufficient under Rule 9(b) where defendants were "left to guess" who was "responsible for the alleged fraud"). Plaintiffs continue their generalized and conclusory pleading when alleging a conspiracy with "law firms and bankers," (*Doc 1, Complaint, ¶ 43*), use of "the telephone, email or other communication facilities," *id.* at ¶ 44, and that "[o]ne or more Defendants advertises marijuana for sale and their services over the Internet," *id.* at ¶ *45*. Here, there are <u>no</u> allegations in the complaint that any Steep Hill employee, officer, director, or agent has met, did business with, or even communicated with any of the Osage, NSM, and BOLD  named cultivator defendants in this action. The only allegations in the complaint even addressing Steep Hill, the public Canadian company, are paragraphs 9 and 45.

e.  In sum, plaintiffs fail to plead their RICO claim with particularity as required by Rule 9 (b).  Thus, the RICO claim should be dismissed.

f.  Similarly, plaintiffs' ADTPA "claims are subject to Federal Rule of Civil Procedure 9 (b), which requires plaintiffs to state with particularity the circumstances constituting the alleged fraud." *Hicks v. Sw. Energy Co.*, No. 4:16-CV-226-KGB, 2017 WL 5634638, at *2 (E.D. Ark. Mar. 31, 2017); *see also Universal Cooperatives, Inc. v. AAC Flying Serv., Inc.*, 710 F.3d 790, 796 n.5 (8th Cir. 2013) (when alleging an ADTPA claim, "any allegations in the nature of fraud or misrepresentation would have to have been pled with particularity").  "[T]he particularity required by Rule 9 (b) is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *U.S. ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003).  A plaintiff "must identify who, what, where, when, and how."  *Id.*; *see also OmegaGenesis*, 851 F.3d at 804 ("Required facts include the who, what, when, where and how surrounding the alleged fraud ... and what was obtained as a result.") (internal quotations omitted).

g.  In this case, plaintiffs do not allege when the misrepresentations occurred, when the alleged inflated THC levels occurred, the person or persons who supposedly inflated the levels, which dispensary plaintiffs purchased their allegedly inflated-THC-level marijuana from, when they made such purchases, or how quickly the testing occurred after purchase. Nor do

plaintiffs identify who performed the plaintiffs' testing of the marijuana to establish the purported misrepresented levels of THC. Without this particularity, plaintiffs' ADTPA claims, which are based on fraud and misrepresentation, fail to meet Rule 9 (b) and should be dismissed.

h. Again, and similarly to the RICO pleading deficiencies, there are <u>no</u> allegations in the complaint that Steep Hill engaged in a consumer-oriented practice as the ADTPA requires; that Steep Hill's conduct does not fall within the ADTPA's safe-harbor provision; that plaintiffs' suffered any "actual financial loss"; and that plaintiffs relied on Steep Hill's representations or that any such representations caused plaintiffs any actual financial loss.

i. In sum, plaintiffs' fraud claim fails, because Steep Hill Inc. did not make <u>any</u> representations to plaintiffs, nor could plaintiffs have justifiably relied on any such representations.

THEREFORE, and due to all of these fatal deficiencies, Steep Hill respectfully requests that the Court dismiss all claims in plaintiffs' complaint; award Steep Hill its costs and attorney fees expended herein, and all other proper relief.

**Dated: August 26, 2022.**

Respectfully submitted,


M. Darren O'Quinn, AR Bar No. 87-125
**LAW OFFICES OF DARREN O'QUINN PLLC**
B. Ram Suri Professional Building
36 Rahling Circle, Suite 4
Little Rock, AR 72223
Phone: (501) 817-3124
Fax: (501) 817-3128
Email: Darren@DarrenOQuinn.com

**Attorney for Defendant Steep Hill, Inc**.


## Certificate of Service

I hereby certify that on August 26, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.


M. Darren O'Quinn