IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DON PLUMLEE, on behalf of himself and
all others similarly situated,** *et al.*                           **PLAINTIFFS**

v.                 Case No. 4:22-cv-00638 KGB

**STEEP HILL, INC.,** *et al.*                                         **DEFENDANTS**

## INITIAL SCHEDULING ORDER

Pursuant to the initial appearance entered by defendants in this case, the following deadlines and proposals are in effect:

1. **RULE 26(f) CONFERENCE DEADLINE:**            November 29, 2022

The parties are jointly responsible for holding their Rule 26(f) conference on or before the date specified.

2. **RULE 26(f) REPORT DUE DATE:**                December 13, 2022

Consult FRCP 26(f) and Local Rule 26.1 for information to be included in the Rule 26(f) Report. The Report should be filed with the Clerk of the Court.

3. **PROPOSED TRIAL DATE:**                        November 6, 2023

The case will be scheduled for **JURY** Trial before United States District Judge Kristine G. Baker commencing at 9:00 a.m. sometime during the week as set for above in the Richard Sheppard Arnold United States Courthouse, Courtroom #4D, 500 West Capitol, Little Rock, Arkansas 72201.

4. **RULE 16(b) CONFERENCE:**                       (Scheduled if needed)

A telephone conference will be scheduled within one week of the filing of the Rule 26(f) Report, if the parties request a conference or if the Court determines a conference is necessary, to resolve any conflicts among the parties with the proposed deadlines, proposed trial date, and other matters addressed in the Rule 26(f) Report. Attached is a proposed final scheduling order with proposed deadlines for the parties' consideration during the Rule 26(f) conference. Unless the parties object, the proposed scheduling order will become the Court's Final Scheduling Order and will be issued without a conference.

It will be the responsibility of the plaintiff to serve a copy of the Initial Scheduling Order on any defendant who makes an appearance after the Initial Scheduling Order has been filed. It

-2-

will be the responsibility of the party filing a new claim after the date of the Initial Scheduling Order to serve immediately a copy of the Initial Scheduling Order on any new defendant(s).

Dated:  Friday, September 30, 2022

**AT THE DIRECTION OF THE COURT**
**TAMMY H. DOWNS, CLERK**


By  Tracy M. Washington
        Courtroom Deputy

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DON PLUMLEE, on behalf of himself and
all others similarly situated,** *et al.*               **PLAINTIFFS**

v.                      Case No. **4:22-cv-00638 KGB**

**STEEP HILL, INC.,** *et al.*                          **DEFENDANTS**

### PROPOSED FINAL SCHEDULING ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**1. TRIAL DATE**

This case is scheduled for **JURY** trial before United States District Judge Kristine G. Baker commencing at **9:00 a.m.** sometime during the week of **November 6, 2023**, in the Richard Sheppard Arnold United States Courthouse, Courtroom #4D, 500 West Capitol, Little Rock, Arkansas 72201.

Any trial conflicts indicated by the parties in their Rule 26(f) Report will be addressed closer to this trial date, if the conflict has not been resolved.

**2. ADDITION OF PARTIES/AMENDMENT OF PLEADINGS**

Leave to add parties or amend pleadings must be sought no later than **May 15, 2023**.

**3. DISCOVERY**

Discovery should be completed no later than **August 23, 2023**. The parties may conduct discovery beyond this date if all parties are in agreement to do so. The Court, however, will not resolve any disputes in the course of this extended discovery. All discovery requests and motions must be filed sufficiently in advance of the discovery deadline set forth in this order to allow for a timely response. Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances.

A discovery motion must not be filed until counsel has made a good faith effort to resolve the discovery dispute, in compliance with Local Rule 7.2. When a discovery motion is filed, a response should be filed promptly. A conference call will be scheduled to resolve such matters, if the Court deems it necessary.

4.  **EXPERT DISCLOSURES AND REPORTS**

Case-in-chief expert disclosures, including reports, must be made by **June 9, 2023**.

Rebuttal expert disclosures, including reports, must be made by **July 10, 2023**.

These disclosures must be in writing, signed, and served.  They are not filed in the Clerk's Office.

5.  **STATUS REPORT**

A status report must be filed with the Clerk's office on or before **September 7, 2023**.  The report must include the date and results of any settlement conference, the settlement prospects, and an estimate of the length of trial.

6.  **MOTION DEADLINE**

All motions, except motions for class certification and motions *in limine*, must be filed on or before **September 7, 2023**.  Motions for summary judgment must comply with Federal Rules of Civil Procedure and Local Rules 7.2 and 56.1.

Motions filed pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), must be filed on or before **September 7, 2023**.  They shall not be filed as a motion *in limine*.

Pursuant to Local Rule 26.1, motions for class certification must be filed 90 days after the Rule 26(f) conference; therefore, any motions for class certification are due on or before **February 27, 2023**.

Motions *in limine* must be filed on or before **October 23, 2023** and responses must be filed seven (7) days thereafter.  Motions submitted after the deadline may be denied solely on that ground.

Local Rule 7.2(b) requires that, within fourteen (14) days from the date copies of a motion and supporting papers have been served, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities.  Any reply to a response to a motion must be filed within seven (7) days of service of the response.  The Court may or may not wait on the filing of a reply before ruling on the motion.

7.  **SETTLEMENT CONFERENCE REQUEST**

All requests for a settlement conference must be made on or before **September 22, 2023**.

8.  **PRETRIAL DISCLOSURE SHEET**

Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 no later than **October 16, 2023**.  That witnesses and exhibits must

be listed on the pretrial information sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to discovery requests.

Objections to opposing parties' pretrial disclosure sheets will be due on **October 23, 2023**.

## 9.     TRIAL BRIEF

All trial briefs must be filed no later than **October 16, 2023**.  Responding trial briefs must be filed no later than **October 23, 2023**.

## 10.   DEPOSITIONS TO BE USED AT TRIAL OTHER THAN FOR IMPEACHMENT

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **October 16, 2023**. Counter-designations must be made by **October 23, 2023**.  These designations need not be filed with the Court but should be exchanged by the parties.

Objections to any deposition or videotapes that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **October 27, 2023**, with the response due **November 1, 2023**.  Depositions to be read at trial must be marked as exhibits.

## 11.   JURY INSTRUCTIONS AND STATEMENT OF CASE OR PROPOSED FINDINGS AND CONCLUSIONS

For jury trials, the parties must confer regarding the proposed instructions and a verdict form in an attempt to narrow areas of disagreement.  The parties must submit an agreed set of instructions on specific issues in the case to the Court on or before **October 30, 2023**.  Standard instructions from AMI, Eighth Circuit, or Federal Jury Practice Instructions (5th Edition), as applicable, should be used whenever possible, and the source of authority for the instruction should be noted at the end of each instruction.

A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and opposing counsel, setting out the disagreement.  Note the source of authority on the bottom of each proposed instruction.  Instructions must be electronically submitted in Word or WordPerfect format to kgbchambers@ared.uscourts.gov.

Each party must submit to the Court on or before **October 30, 2023** a concise statement of the case, no more than one page in length, that it proposes would be proper to read to the panel of venire persons during voir dire and also any proposed voir dire questions it wishes the Court to pose to the panel.

## 12. STIPULATIONS

The parties should stipulate in writing to the facts not in controversy on or before **October 30, 2023.**

## 13. INTRODUCTION OF EXHIBITS

Exhibits must be made available to all parties and reviewed by counsel prior to the trial date. Each party will provide to the Court three (3) copies of all exhibits, and each exhibit will be numbered for identification purposes. All exhibits must be listed in numerical sequence on the form available through the Court's website (See Court Forms - Civil Forms AO-187 Exhibit and Witness List). The lists must be submitted to the Courtroom Deputy thirty (30) minutes before the beginning of trial, with notations made on the Court's copy of the list noting exhibits to which there is an objection. The Court will receive all stipulated exhibits at the beginning of the trial.

If you anticipate using electronic equipment during trial, you must notify the Courtroom Deputy prior to your trial date. If you wish to bring electronic devices to the courthouse for any proceeding, please note Amended General Order No. 54.

## 14. CONFLICTS OF INTEREST

Counsel must promptly check the Court's list of financial interests on file in the U.S. District Court Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, bring that fact to the Court's attention immediately.

Please communicate with Tracy Washington at 501-604-5424 or tracy_washington@ared.uscourts.gov to ascertain your position on the calendar as the trial date approaches. In the event of settlement, advise Ms. Washington immediately. The case will not be removed from the trial docket until an order of dismissal has been entered.

**Dated:** Friday, September 30, 2022

                                            **AT THE DIRECTION OF THE COURT**
                                            **TAMMY H. DOWNS, CLERK**

                                            By: _Tracy M. Washington_
                                                      Courtroom Deputy