IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DON PLUMLEE,** *et al.*                                                                                           **PLAINTIFFS**

v.                                    Case No. 4:22-cv-00638-KGB

**STEEP HILL INC.,** *et al.*                                                                                    **DEFENDANTS**

**ORDER**

Before the Court are the motions to dismiss without prejudice of plaintiffs Don Plumlee, Jakie Hanan, and Pete Edwards, on behalf of themselves and all others similarly situated (Dkt. Nos. 42, 44). Plaintiffs' motion to dismiss without prejudice filed October 11, 2022, was not signed by an attorney of record as required by Rule 5.5(c)(1) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas (Dkt. No. 43). Accordingly, the Court denies plaintiffs' October 11, 2022, motion to dismiss (Dkt. No. 42).

Also before the Court is plaintiffs' motion to dismiss without prejudice filed October 13, 2022 (Dkt. No. 44). Plaintiffs move to dismiss this case without prejudice with each party to bear their own fees and costs (*Id.* ¶ 1). Separate defendant NSMC-OPCO, LLC ("NSMC") has responded to plaintiffs' motion to dismiss without prejudice (Dkt. No. 45). NSMC does not oppose plaintiffs' motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(d); however, NSMC expressly reserves its right to seek attorneys' fees, costs, and expenses incurred in defending this action in the event that plaintiffs subsequently refile their claims against NSMC (*Id.*, ¶ 4). The other defendants have not responded to plaintiffs' motion to dismiss without prejudice, and the time for doing so has passed.

Because defendants have responded to the complaint with motions to dismiss this action the complaint may be dismissed at plaintiffs' request "only by court order, on terms that the court

considers proper." Fed. R. Civ. P. 41(a)(2).  Generally, "in the federal courts, after answer, dismissals without prejudice should be granted only 'if no other party will be prejudiced.'" *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) (quoting 9 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2362 (1971)).  "By 'prejudice' in this context is meant something other than the necessity that defendant might face of defending another action.  That kind of disadvantage can be taken care of by a condition that plaintiff pay to defendant its costs and expenses incurred in the first action." *Kern*, 738 F.2d at 970.

The Court grants plaintiffs' motion to dismiss with the following conditions:  (1) that the suit be refiled in this Court; and (2) that no further discovery occur in the case without prior leave of the Court.  The Court reserves ruling on any request for costs and fees until and if plaintiffs refile the case.  If plaintiffs refile in federal court and if the Court determines that the payment of costs and fees in an amount to be determined is required, then plaintiffs shall be required to pay the costs and fees in the designated amount before the second action is permitted to proceed.  *See* Fed. R. Civ. P. 41(d); *Kern*, 738 F.2d at 972.  If plaintiffs refile in state court, defendants may apply for this Court to enter judgment against plaintiffs for an appropriate amount of costs and fees.  *Kern*, 738 F.2d at 972.

Accordingly, subject to the conditions stated in this Order, the Court grants plaintiffs' motion to dismiss without prejudice filed October 13, 2022 (Dkt. No. 44).  The Court dismisses without prejudice plaintiffs' complaint (Dkt. No. 1).  The Court denies plaintiffs' October 11, 2022, motion to dismiss (Dkt. No. 42).  The Court denies as moot defendants' motions to dismiss (Dkt. Nos. 7, 13, 16, 22, 31).

It is so ordered this 1st day of February, 2023.

_____
Kristine G. Baker
United States District Judge