IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DON PLUMLEE, *et al.*                                                                  PLAINTIFFS

v.                          Case No: 4:22-cv-00638-KGB

STEEP HILL INC., *et al.*                                                     DEFENDANTS

### REQUEST FOR HEARING AND
### RULE 59 MOTION TO ALTER OR AMEND

COMES the Plaintiffs, through counsel, for their Motion, they state:

1. After being ripe for over three months, this Court conditionally granted Plaintiff's motion to dismiss imposing conditions that neither party asked for. The Court abused its discretion by refusing to perform a ministerial function.

2. Rule 1 requires that the rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Pro. 1.

3. Federal Rule of Civil Procedure 41 governs the dismissal of actions. Rule 41(a) expressly provides for the voluntary dismissal of an action by the plaintiff or by court order in subsections (a)(1) and (a)(2), respectively. Contrary to the Court's belief otherwise, the present case involves a dismissal under Rule 41(a)(1). That rule permits a plaintiff to "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). "Rule 41(a)(1)

means what it says." *Foss v. Fed. Intermediate Credit Bank of St. Paul*, 808 F.2d 657, 660 (8th Cir. 1986) (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)). By its terms, Rule 41(a)(1)(A)(ii) does not "empower a district court to attach conditions to the parties' stipulation of dismissal." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). We have recognized that "[c]aselaw concerning stipulated dismissals under Rule 41(a)(1)[ (A) ](ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984); see also *Great Rivers Co-op v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) (stating that Rule 41(a)(1) stipulation is "a form of dismissal that is an unconditional right of the parties" (quotation omitted)); *Ajiwoju v. Cottrell*, 245 Fed.Appx. 563, 565 (8th Cir. 2007) (stating that a Rule 41(a)(1) dismissal "is effective upon entry and does not require judicial approval").

4. "Rule 41(a)(2) ... appli[es] once an answer or motion for summary judgment has been served." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). Rule 41(a)(2)'s purpose "is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Id*. "Voluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal." *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). What is the unfair effect that would require this case to be filed in this Court?  There is none.

5. In contrast to the Rule 41(a)(2) cases upon which the district court relied, Rule 41(a)(1) cases require no judicial approval or review as a prerequisite to dismissal; in fact, the dismissal is effective upon filing, with no court action required. Fed. R. Civ. P. 41(a)(1). The reason for the dismissal is irrelevant under Rule 41(a)(1).

6. Inexplicably the Court held that "Because defendants have responded to the complaint with motions to dismiss this action the complaint may be dismissed at plaintiffs' request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2)." No answer or motion for summary judgment was filed and the Court correctly noted as such. But the Court ignored the plain language of Rule 41(a)(1)(A)(i). The notice of dismissal was effective on filing and this Court has no ability to impose the conditions that it did.

7. The Eighth Circuit has expressly declined to impose the condition that the Court imposed. In *Kern v. TXO Production Corp*, the Eighth Circuit wrote the following:

> Defendant also asks us to condition the dismissal on a requirement that plaintiff refile, if at all, only in a federal court. We decline to do so. The state courts, unlike us, are courts of general jurisdiction. It would be unwise for us (assuming our power to do so) to forbid a citizen to resort to the courts of her own state. "[O]ne court is as good as another." Young v. Southern Pac. Co., 25 F.2d 630, 632 (2d Cir.1928) (L. Hand, J., concurring). We have no reason to think the state courts will not do justice. See Lawson v. Moore, 29 F.Supp. 175 (W.D.Va.1939), where a similar condition was refused. Indeed, in this case, as we have remarked, the state courts can give a more accurate, or at least a more authoritative, answer to the questions of Arkansas law that will govern this case.
> *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 973 (8th Cir. 1984).

*Kern* continues to be controlling law in the Eighth Circuit, so the Court should vacate its order on this basis as well. See *Adams v. USAA Cas. Ins. Co.*, 863 F.3d

1069, 1080 (8th Cir. 2017).

8. In *Safeguard Business Systems, Inc. v. Hoeffel*, the Plaintiff filed a notice of voluntary dismissal before Defendant filed answer or motion for summary judgment, and, thus, notice of voluntary dismissal was effective and deprived district court of jurisdiction to enter orders and judgment, even though notice was filed after district court announced it would not grant temporary restraining order. *Safeguard Business Systems, Inc. v. Hoeffel*, C.A.8 (Mo.) 1990, 907 F.2d 861. Here, the Motion was filed before an Answer was even filed, much less a hearing. In addition, it is simply beyond the Court's power to direct Plaintiffs who to sue, what laws to sue under, or to create jurisdiction.  If Plaintiffs sue again, bringing only state law claims against defendants such that there is not complete diversity, what would the basis for jurisdiction be? None.  So, in yet another case, the Court's concern appears to be forum shopping.  Nothing could be further from the truth. In fact, undersigned counsel has struggled not to file a motion to recuse this Court, but a recusal is likely appropriate.

9. Rule 11 and 28 U.S.C. §1927 encourages litigants and lawyers alike to reconsider legal positions. This is what has occurred in this case.  RICO damages are limited, and Plaintiff's state law claims for elder abuse appear to be much stronger.  But this Court is not the final arbiter of Arkansas state law issues.  So, dismissal was sought, especially after the undersigned wife was injured in a car accident.  There is no factual basis to accuse anybody of forum shopping.

10. Rather, than reward undersigned counsel for his conservative judgment, the Court abused its discretion by failing to follow even the most elementary rule of law. A

Plaintiff has an absolute right to dismiss an action without prejudice, pre-answer. In addition, it is simply beyond the Court's power to direct Plaintiffs who to sue, what laws to sue under, or to create jurisdiction. If Plaintiffs sue again, bringing only state law claims against defendants such that there is not minimial diversity, what would the basis for jurisdiction be? None.

WHEREFORE each Plaintiff prays for an Order vacating the Court's previous "conditional" grant of dismissal without prejudice, for an Order under Rule 41(a)(1) dismissing this action, for a hearing, and for all other proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
1501 N. Pierce Ste 105
Little Rock, AR 72207
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By:   */s/ Luther Oneal Sutter*
Luther Oneal Sutter, AR Bar No. 95031
luther.sutterlaw@gmail.com

**CERTIFICATE OF SERVICE**

On February 8, 2023, I served a true and correct copy of the foregoing via eflex upon the following:

Andrew Samuel Tarvin &nbsp &nbsp andrew.tarvin@kutakrock.com,
Elizabeth.Hulse@KutakRock.com, sadie.stith@kutakrock.com

Jerry D. Garner &nbsp &nbsp jgarner@barberlawfirm.com, jwatson@barberlawfirm.com

Joseph Cotten Cunningham &nbsp
&nbsp ccunningham@barberlawfirm.com, jwatson@barberlawfirm.com

Kenneth P. Castleberry &nbsp &nbsp casey@castleberrylawfirm.com, whitney@castleberrylawfirm.com

Kevin A. Crass &nbsp &nbsp crass@fridayfirm.com, rlprine@fridayfirm.com

Kyle T. Unser &nbsp &nbsp kyle.unser@kutakrock.com, gabrielle.lewis@kutakrock.com, sadie.stith@kutakrock.com

Luther Oneal Sutter &nbsp &nbsp luthersutter.law@gmail.com, Ehodge@sglaws.com, jsutter77@gmail.com, lucien.gillham@gmail.com, luthersutter@yahoo.com, sallen@sglaws.com, SGlaw.ECF@gmail.com

M. Darren O'Quinn &nbsp &nbsp darren@darrenoquinn.com, paralegal@darrenoquinn.com

Martin A. Kasten &nbsp &nbsp mkasten@fridayfirm.com, tevans@fridayfirm.com

Rayburn W. Green &nbsp &nbsp rayburn.green@kutakrock.com

Robbin Shumon Rahman &nbsp &nbsp rrahman@barberlawfirm.com, DHolloway@barberlawfirm.com

Stephen Dacus &nbsp &nbsp stephen.dacus@kutakrock.com

By:  /s/ Luther Oneal Sutter  
Luther Oneal Sutter, Ark. Bar #95-031