**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DON PLUMLEE, JAKIE HANAN, and
PETE EDWARDS, on behalf of themselves
and all others similarly situated** **PLAINTIFFS**

**v.** **NO. 4:22-CV-638-KGB**

**STEEP HILL, INC.; STEEP HILL ARKANSAS;
BRENT WHITTINGTON; BRANDON THORNTON;
BOLD TEAM, LLC; NSMC-OPCO, LLC D/B/A
NATURAL STATE MEDICINAL; OSAGE CREEK
CULTIVATION, LLC; and JOHN DOES 1–10** **DEFENDANTS**

---

**SEPARATE DEFENDANT NSMC-OPCO, LLC'S RESPONSE TO
PLAINTIFFS' MOTION TO ALTER OR AMEND**

---

Comes now Separate Defendant NSMC-OPCO, LLC, by and through its attorneys, Barber
Law Firm PLLC, and for its Response to Plaintiffs' Motion to Alter or Amend, states:

1.      Plaintiffs Don Plumlee, Jakie Hanan, and Pete Edwards (collectively, "Plaintiffs")
filed this class action complaint asserting six (6) causes of action against Defendant NSMC-OPCO,
LLC ("NSMC").   More particularly, Plaintiffs asserted five (5) claims under the Racketeer
Influenced and Corrupt Organizations Act ("RICO") and one (1) state-law based claim alleging
fraud and violations of the Arkansas Deceptive Trade Practices Act ("ADTPA").

2.      On October 11, 2022, Plaintiffs moved to voluntarily dismiss their claims without
prejudice.  (Doc. 44).  NSMC filed a response to Plaintiffs' motion explaining that, while NSMC
did not oppose Plaintiffs' motion for voluntary dismissal, it expressly reserved its rights under Fed.
R. Civ. P. 41(d) to seek attorneys' fees, costs, and expenses incurred in defending this action in
the event Plaintiff did refile their claims against NSMC.  *See* Fed. R. Civ. P. 41(d); *Evans v.
Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (affirming award of attorneys' fees in favor

of defendant when plaintiff voluntarily dismissed claims and subsequently refiled the same claims against the same defendant); *Robinson v. Bank of Am., N.A.*, 553 Fed. App'x 648 (8th Cir. 2014) (same).

3.      The Court granted Plaintiffs' motion on February 1, 2023.  (Doc. 46).  In the Order, the Court provided that it "grants Plaintiffs' motion to dismiss with the following conditions: (1) that the suit be refiled in this Court; and (2) that no further discovery occur in the case without prior leave of the Court."  (*Id.*, at 2).  The Court then reserved ruling on any request for costs and fees until and if Plaintiffs refile their claims.  (*Id.*).  The Court then provided that if Plaintiffs refile in federal court, and if the Court determines that the payment of costs and fees is required, then Plaintiffs shall be required to pay the costs and fees in an amount to be determined by the Court before the second action can proceed.  (*Id.*).  In addition, the Court's Order provided that if Plaintiffs refile in state court, rather than federal court, Defendants in this action may move the Court for entry of a judgment against Plaintiffs for an appropriate amount of costs and fees.  (*Id.*).

4.      Plaintiff has now moved to alter or amend the Court's February 1, 2023, Order. (Doc. 47).  The Court should deny Plaintiffs' motion because it is premised on a plain misunderstanding of the conditions imposed by the Court's dismissal order.

5.      For instance, the thrust of Plaintiffs' motion is the belief that the Court's Order prohibits Plaintiffs from refiling their case in state court and that it must be refiled only in federal court.  (*Id.*, at 4).  But that is not what the Court ordered.  Instead, the Court's Order provides that, if Plaintiffs refile in federal court, the case shall be assigned to the Honorable District Judge Kristine G. Baker rather than one of the other District Judges presiding over the United States District Court for the Eastern District of Arkansas.

6.      That interpretation of the Court's Order is further supported by the Court's directives related to when Defendants can seek their cost and fees.  If the action is refiled in federal court, the Court will determine if payment of costs and fees is required and, if so, Plaintiffs will be required to pay those designated amounts before the second action can proceed.  (Doc. 46, at 2). Alternatively, if the Plaintiffs refile in state court, Defendants can immediately seek a judgment for their costs and fees.  (*Id.*).  The Order does not prohibit Plaintiffs from refiling their action in state court which is what distinguishes this matter from *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 973 (8th Cir. 1984), upon which Plaintiffs rely.  (Doc. 47, at ¶ 7).

7.      And to the extent Plaintiffs challenge the Court's authority to award Defendants' their costs and fees incurred in defending this action prior to dismissal, the Court plainly has that authority under Fed. R. Civ. P. 41(d) regardless of whether the dismissal was made pursuant to Rule 41(a)(1) or Rule 41(a)(2).

8.      In addition to misinterpreting the Court's Order, Plaintiffs' motion relies extensively on cases involving dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), but that rule is inapplicable here.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (considering an appeal involving dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984) (same); *Great Rivers Co-op v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) (same); *Ajiwoju v. Cottrell*, 245 Fed. App'x 563, 565 (8th Cir. 2007) (same).  Rule 41(a)(1)(A)(ii) involves stipulations of dismissal signed by all parties.  It is beyond dispute that there was no such stipulation executed in this case. As a result, Plaintiffs' focus on that Rule and those authorities is misplaced.

9.      Next, Plaintiffs claim the Court's Order "impos[ed] conditions that neither party asked for."  (Doc. 47, at ¶ 1).  That is incorrect.  The Court's Order granted the very relief NSMC

sought in its Response to Plaintiffs' Motion to Dismiss Without Prejudice.  (*See* Doc. 45).  The Court correctly dismissed Plaintiffs' claims and exercised appropriate discretion in placing certain conditions on Plaintiffs' refiling of this action.

10.     Finally, the Court should deny Plaintiffs' motion because they invited whatever error they claim occurred.  More particularly, Plaintiffs argue that the Court lacks authority to attach conditions to dismissal of this action because Plaintiffs sought dismissal under Fed. R. Civ. P. 41(a)(1) rather than under Rule 41(a)(2).  Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action with a court order by (i) filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii).

11.     Here, however, Plaintiffs did not file a "notice of dismissal" or a "stipulation of dismissal" signed by all parties.  Instead, they filed a "motion to dismiss" and expressly requested an order from the Court dismissing their claims without prejudice.  (Doc. 44).  Because Plaintiffs expressly requested dismissal by court order, it is unsurprising the Court applied Rule 41(a)(2) and attached the conditions discussed above.  The Court should find Plaintiffs invited any alleged error and deny the motion.

WHEREFORE, Defendant NSMC-OPCO, LLC respectfully requests that the Court deny Plaintiffs' Motion to Alter or Amend and award NSMC all other just and proper relief to which it may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
3400 Simmons Tower
425 West Capitol Avenue
Little Rock, Arkansas 72201
Telephone: (501) 372-6175

By:   J. Cotten Cunningham, Ark. Bar No. 97238
ccunningham@barberlawfirm.com
Jerry D. Garner, Ark. Bar No. 2014134
jgarner@barberlawfirm.com
Robbin S. Rahman, Ark. Bar No. 2017268
rrahman@barberlawfirm.com

*Attorneys for Defendant NSMC-OPCO, LLC*